Seney, J.
An act of the legislature of the state of Ohio passed May 8, 1886, and found in volume 83, page 118 of Ohio Laws, reads as follows:
“Section 1. Be it enacted by the General Assembly of the State of Ohio, That every company or person operating a railroad within the state shall, immediately after the taking effect of this act, cause to be placed in a conspicuous place in each passenger depot of such company, located at any station in this state at which there is a telegraph office, a blackboard, at least four feet in length and two feet in width, upon which board such company or person shall cause to be written, at least ten minutes before the schedule time for the arrival of each passenger train stopping regularly upon such road at such station, the fact whether such train is on schedule time or not, and if late, how much.
“ See. 2. That for each violation of the provisions of this act, such company or person so neglecting or refusing to comply with the provisions of this act, shall forfeit and pay the sum of ten dollars ($10.00), to be recovered in a civil action in the name of the state of Ohio, one-half of which shall go to the party commencing proceedings, and the remainder shall be paid over to the treasurer of the township, village or city in which such proceedings are had.
“ Sec. 3. That this act shall take effect and be in force from and after July 1, 1886.”
The question as to what construction should be given to this statute is presented to this court by a petition in error filed in this court, asking the reversal of the judgment of the court of common pleas ; said court of common pleas having sustained a general and special demurrer to an amended petition filed in the court below, in which petition it was claimed that the plaintiff in error was entitled to recover from the defendant in error the sum of $14,340.00, by reason of the failure of the defendant in error to erect and maintain a blackboard and to schedule the arrival of trains thereon, at the village of Forest in this county, said neglect extending to the failure to schedule 1434 trains.
*606 This statute is penal in its nature, and as such must be strictly construed. “ Penal statutes are to be construed strictly, and cannot be extended by implication to cases not falling within their terms.” Hall v. The State, 20 Ohio, page 7.
With this rule of construction in mind, what are the material and essential provisions of this statute ?
1st. It applies to a company or person operating a railroad within this state, (and to no one else).
2nd. It is limited in its application to places, where such company or person operating a railroad has a passenger depot at a station at which there is a telegraph office, and does not apply where the company or person has no telegraph office.
3rd. The company or person must erect and maintain a blackboard, at least four feet in length and two feet in width.
4th. Upon said blackboard, at least ten minutes before the schedule time for the arrival of each passenger train, stopping regularly at such station, must be written the fact whether said train is on time or not, and if late, how much.
The company or person — the place where — are the very essence of the statute — as much, if not more so than the act to be done by the company or person.
As we have seen, the statute, to make it effectual and to accomplish the purpose for which, no doubt, the legislature intended it, viz: the convenience of the traveling'public, has four separate and distinct provisions, each necessary to exist, to make a complete whole in the sense of the second section of the act, which reads in part: “ that for each violation of the provisions of this act, such company or person neglecting or refusing to comply with the provisions of this act, etc.” It does not provide a penalty for the refusal or neglect to comply with any of the provisions of the act, as, for instance, the refusal to schedule the train, etc., but for the refusal or neg *607 lect to comply with the entire provisions of the act, or each violation of the entire provisions of the act. The entire provisions of the act embrace, as we have seen, the place where the blackboard should be erected ; and at each such place or station the provisions of the act must be complied with. There can be no violation of the entire provisions of the act, unless, as one of the provisions of this act, the place or station exist. The blackloard must be erected at each station within the terms of the statute, and a failure to erect at each such station is a violation of the entire provisions of the act, for which a penalty is provided. So that there can be'no refusing or neglecting to comply with the entire provisions of the act for which a penalty is provided for each violation, unless the conditions exist where all the provisions can be effectual.
This construction is strengthened by the further provisions of section 2 of the act, which provides a penalty of ten dollars for each violation of the provisions of the act, “ one-half of which shall go to the person commencing proceedings, and the remainder shall be paid over to the treasurer of the township, village, or city, in which such proceedings are had.”
This evidently contemplates that the proceedings to recover, by a civil action, shall be in a township, village or city. It can not be had in such place, except by an action brought before a justice of the peace, or mayor ; and their jurisdiction is limited to the sum of three hundred dollars. If the construction to be given this act authorized a recovery of ten dollars for each failure to comply with one of the provisions of this act, viz: failure to register the time of the arrival of trains, when you have reached thirty failures to register, you can go no. further for want of jurisdiction in the court; for want of a court authorized to-hear and determine.
But, it is said, in such a case, when it exceeds thirty failures to register, you can bring the action in the court of common pleas. The action is had and prosecuted, and recovery had, for the benefit of two classes; first, the party commencing proceedings; and, second, the treasury of the township, village or *608 city, in which such proceedings are had. Commencing in the court of common pleas, the proceedings are had at the county-seat, and are not pending in township, village or city, but in the county. Hence, it would follow, a recovery would be had, with no one to receive one-half of the amount recovered.
John H. Smick, for plaintiff in error.
George E. Crane, for defendant in error.
Therefore, we hold that, under this statute, a penalty of ten dollars only can be recovered for failure to provide a blackboard, or to register the arrival of trains at a station, within the terms of the statute, without any reference to the violation of each or any of the separate provisions of the act.
It follows from this that the amount for which a recovery could be had, under the averments of this petition, even if those avermentsare full and complete, and well pleaded, would be the sum of ten dollars; and this sum, the court of common pleas had no jurisdiction of, and hence the court of commonon pleas did not err in sustaining the special demurrer to the petition.
With this view of the case, it is unnecessary to notice the questions, whether the averments to the petition are sufficient to sustain any recovery, or whether this action is brought in the name of the right person.
The judgment of the court of common pleas will be affirmed, with cosfs.